**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4902**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

DAVID MICHAEL GERALD,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:13-cr-00192-LO-1)

———————————

Submitted: October 29, 2014      Decided: January 13, 2015

———————————

Before GREGORY and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Lance A. Wade, Evan M. Mendelson, WILLIAMS & CONNOLLY LLP, Washington, D.C., for Appellant. Dana J. Boente, Acting United States Attorney, Matt J. Gardner, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Michael Gerald appeals from his conviction of assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer, in violation of 18 U.S.C. § 111(a) (2012). He argues that the district court erred in failing to instruct the jury that it could convict him under the "physical contact" prong of § 111(a) only if it found that he had assaulted the officer ("the assault issue"). Gerald further contends that the district court abused its discretion by choosing to answer a jury question about the lawfulness of the officer's actions and by the content of that response. Finding no error, we affirm.

As to the assault issue, ordinarily we review jury instruction de novo. United States v. Powell, 680 F.3d 350, 355 (4th Cir. 2012). If, however, the defendant failed to object to the instruction on the basis asserted on appeal, our review is for plain error. United States v. Jeffers, 570 F.3d 557, 569 (4th Cir. 2009). Although the parties disagree as to whether Gerald preserved the assault issue, we need not resolve this dispute because the district court's instruction was proper even under de novo review.

We recently held that it is "proper for the district court to instruct the jury that [the defendant] could have committed any of the threshold acts charged—not 'assault' only—

2

to be found guilty of a § 111 offense, so long as the other elements of the offense were satisfied." <u>United States v. Briley</u>, ___ F.3d ___, 2014 WL 5355522, at *6 (4th Cir. Oct. 22, 2014). The district court here instructed the jury that it could convict Gerald if it found that he forcibly assaulted or resisted or opposed or impeded or interfered with the officer. It further instructed that the Government need prove that Gerald forcibly committed only one of the several alternative acts charged. Because these instructions comport with our holding in <u>Briley</u>, we find no error.

Gerald also challenges the district court's supplemental instruction. During deliberations, the jury asked the district court to clarify whether a push from an officer was lawful. The district court, although observing that the question was vague and unclear, concluded that it could respond generally on the law, and it informed the jury that the right to detain or arrest carries with it the right to use the amount of force that a reasonable officer would objectively think necessary to effect the arrest. Gerald argues that the district court should not have answered the question at all because it was vague, and further that any response should have included factors drawn from a model jury instruction.

We review the propriety of this instruction for abuse of discretion. <u>Jeffers</u>, 570 F.3d at 566. In providing a

3

supplemental instruction in response to a jury question, "the district court's duty is simply to respond to the jury's source of confusion fairly and accurately without creating prejudice. The particular words chosen, like the decision whether to issue any clarification at all, are left to the sound discretion of the district court." United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995) (citation omitted).

We perceive no abuse of discretion in the district court's decision to respond to the jury's inquiry or in the content of that response. The district court acknowledged that the facts underpinning the question were unclear, but concluded that the general law applicable to such scenarios was not. It drew upon language from the Supreme Court in drafting its supplemental instruction. See Graham v. Connor, 490 U.S. 386 (1989). This claim is therefore unavailing.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED

4